**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4706**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL SHANE SATTERFIELD, a/k/a Michael Shane Gellispie,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:03-cr-00246-NCT-1)

———————————

Submitted:  May 10, 2013              Decided:  June 24, 2013

———————————

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

———————————

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

———————————

Todd Allen Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North
Carolina, for Appellant.  Michael Francis Joseph, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Shane Satterfield appeals the district court's judgment revoking his supervised release and sentencing him to eleven months' imprisonment and a new two-year term of supervised release. Satterfield's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion in refusing to allow Satterfield to enter a rehabilitation program he desired, and instead giving him an active prison sentence. Satterfield was notified of his right to file a pro se supplemental brief, but has not done so. For the reasons that follow, we affirm.

Satterfield was originally sentenced to 160 months of imprisonment for three counts of bank robbery. His sentence was later reduced to 109 months. He was released and began serving his term of supervised release in November 2011. Satterfield subsequently violated the conditions of his supervised release by testing positive for cocaine and absconding from the residential re-entry center where he was residing. At the revocation hearing, Satterfield admitted these two violations. The district court sentenced him to an active sentence of eleven months and a second term of twenty-four months' supervised release. Satterfield appealed his sentence. On March 18, 2013,

2

while this appeal was pending, Satterfield was released from incarceration and began serving his new term of supervised release.

First, we may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 17 (4th Cir. 2002) (internal quotation marks omitted). Because Satterfield has already served his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. Therefore, his challenge to the district court's decision to impose an active prison sentence is moot. See United States v. Hardy, 545 F.3d 280, 283-84 (4th Cir. 2008). However, because Satterfield is serving a new term of supervised release and because his attorney filed an Anders brief, we retain jurisdiction to review the district court's decision to revoke Satterfield's supervised release and to impose a new term of supervised release.

A district court's decision to revoke supervised release is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2013); United

3

States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Here, Satterfield admitted committing two violations of the conditions of his supervised release. Therefore, we conclude that the district court did not abuse its discretion in revoking Satterfield's supervised release.

This court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, [the court] must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); see United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, the sentence is not unreasonable, we will affirm. Id. at

4

439. Only if we find the sentence unreasonable, must we decide whether it is "plainly" so. Moulden, 478 F.3d at 657.

Satterfield's new term of supervised release was both procedurally and substantively reasonable. Eleven months was within the limit prescribed in 18 U.S.C.A. § 3583(h) (West Supp. 2013). The district court did not explicitly discuss the § 3553(a) factors; however, the probation officer's recommendation, which the parties accepted and the court implicitly adopted, addressed Satterfield's history and characteristics, § 3553(a)(1), and the need to deter future criminal conduct by him and protect the public. See §§ 3553(a)(2)(B)-(C), 3583(d). The court specifically addressed Satterfield's need for "correctional treatment," § 3553(a)(2)(D), which in this case meant drug treatment.

We recently held that a district court is not permitted to rely on the need for substance abuse treatment in announcing a revocation sentence of imprisonment. United States v. Bennett, 698 F.3d 194, 197-99 (4th Cir. 2012) (relying on Tapia v. United States, 131 S. Ct. 2382, 2385, 2389 (2011)), cert. denied, 133 S. Ct. 1506 (2013). However, the rationale used in Bennett and Tapia—that imprisonment is not an appropriate way to promote a defendant's rehabilitation—does not prohibit a district court from relying on a defendant's

rehabilitative needs in choosing to impose a supervised release term or in determining the length or manner of supervision.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment, but dismiss the appeal as moot to the extent that Satterfield seeks to challenge his sentence of incarceration. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>DISMISSED IN PART</u>