**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7800**

MAURO PALACIO,

                    Petitioner - Appellant,

          v.

B. SULLIVAN,

                    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-hc-02064-FL)

Submitted:  July 30, 2020                              Decided:  August 4, 2020

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mauro Palacio, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mauro Palacio seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2241 (2018) petition. Upon review, we conclude that the appeal is moot.

"The mootness doctrine is a limitation on federal judicial power grounded in the 'case-or-controversy' requirement of Article III of the U.S. Constitution." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013); *see* U.S. Const. art. III, § 2, cl. 1. "Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings." *Springer*, 715 F.3d at 540. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." *Incumaa v. Ozmint*, 507 F.3d 281, 285-86 (4th Cir. 2007) (internal quotation marks omitted). We lack jurisdiction over any portion of an appeal that becomes moot. *Id*.

In his petition, Palacio—a federal prisoner at the time—sought good conduct credits under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Palacio, however, is no longer incarcerated. Overserved prison time does not shorten a defendant's term of supervision. *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. . . . Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); *United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020) ("Although custodial and supervised release terms are components of one unitary sentence, they serve different purposes. The conditions of a defendant's supervised release are intended to provide the defendant with assistance in transitioning into

2

community life." (internal citation omitted)).  Therefore, even if Palacio were entitled to good conduct credits, his release from incarceration renders this claim moot.[*]

Accordingly, we deny Palacio's motion to appoint counsel and dismiss this appeal as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] Because Palacio's petition is moot, the deficiencies in the petition cannot be cured by amendment.  *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610-11 (4th Cir. 2020).  Thus, the district court's dismissal without prejudice is a final, appealable order.