**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6507**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS LEE CUMMINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:11-cr-00013-D-1)

Submitted:  September 22, 2020                    Decided:  September 25, 2020

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLICE DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Lee Cummings appeals the district court's order denying his motion for a sentence reduction under § 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in denying Cummings' motion. Cummings was advised of his right to file a supplemental brief, but he has not done so. The Government has declined to file a response brief. We affirm.

Where, as here, a defendant is eligible for a sentence reduction under the First Step Act, we review the district court's decision to deny the motion for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 495-97 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

When denying Cummings' motion for a sentence reduction under the First Step Act, the district court accurately described the record; considered Cummings' new Sentencing Guidelines range, the relevant 18 U.S.C. § 3553(a) factors, and Cummings' arguments in favor of a reduction; and thoroughly explained its reasons for denying the motion. The court ultimately found that the seriousness of Cummings' offense and his history of violence, significant criminal record, poor performance on supervision, and relatively recent serious misconduct in prison outweighed his self-improvement efforts during his

2

incarceration. Under the deferential abuse-of-discretion standard, we conclude that the district court did not err in declining to reduce Cummings' sentence under the First Step Act.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cummings, in writing, of the right to petition the Supreme Court of the United States for further review. If Cummings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cummings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*