**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4413**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEWAN JERMAINE BARRETT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00490-WO-2)

Submitted:  October 21, 2020                      Decided:  November 3, 2020

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewan Jermaine Barrett appeals the 180-day sentence[*] imposed after the district court revoked his supervised release. On appeal, Barrett contends that his sentence is unreasonable and should be vacated. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To consider whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is unreasonable. *Id.* Only if the sentence is procedurally or substantively unreasonable must the court determine whether it is plainly so. *Id.* at 208; *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

A revocation sentence is procedurally reasonable when the district court considers the Chapter Seven policy statements and applicable 18 U.S.C. § 3553(a) factors and adequately explains the sentence imposed. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(d) (listing relevant factors). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Slappy*, 872 F.3d at 207.

---

[*] The district court ordered that Barrett's sentence be credited with the 79 days he served by the time of sentencing.

We have confirmed that the imposed sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Notably, the district court fully responded to Barrett's arguments in support of a lesser sentence and thoroughly explained its rationale for the imposed sentence. Thus, Barrett's sentence is presumptively reasonable, *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), and Barrett has failed to rebut the presumption of reasonableness, *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). We reject Barrett's argument that this court's decisions in *United States v. Jackson*, 952 F.3d 492 (4th Cir. 2020) and *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019) dictate a different result.

Accordingly, we affirm Barrett's sentence. We further deny Barrett's motion to expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*