**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4287**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY RICHARD BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:99-cr-00217-1)

Submitted:  November 19, 2020                           Decided:  November 23, 2020

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard W. Weston, WESTON | ROBERTSON, Hurricane, West Virginia, for Appellant. John Lanier File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Richard Baker appeals from the district court's judgment revoking his supervised release and sentencing him to 12 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court imposed a plainly unreasonable sentence and whether the court erred by failing to prospectively prohibit state prosecution of Baker for the offense leading to the revocation of Baker's supervised release. Although advised of his right to file a supplemental pro se brief, Baker has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making this determination, we are guided by "the same procedural and substantive considerations that guide our review of original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes omitted). "[A] revocation

2

sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (brackets and internal quotation marks omitted). Our review of the record leads us to conclude that Baker's 12-month sentence is below both the statutory maximum and the policy statement range and is not unreasonable, plainly or otherwise.

As for Baker's remaining argument, there is no authority supporting the proposition that a district court has the authority to prospectively limit a state's authority to prosecute Baker for the offense that led to the revocation of his supervised release. In any event, the court's failure to do so would not be in error, as the Double Jeopardy Clause does not prohibit a defendant from receiving "both a new sentence for the new offense and a revocation sentence" for the offense resulting in revocation of his supervised release. *United States v. Jackson*, 952 F.3d 492, 500-01 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Baker, in writing, of the right to petition the Supreme Court of the United States for further review. If Baker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3