**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5061**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD SAMUEL JACKSON, a/k/a Young,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James C. Turk, Senior District Judge. (CR-03-93)

---

Submitted: January 4, 2006          Decided: February 7, 2006

---

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Marc Seguinot, THE HELEIN LAW GROUP, L.L.P., McLean, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Jackson appeals his jury conviction and sentence for one count of conspiracy to distribute and to possess with the intent to distribute fifty grams or more of cocaine base (crack), 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court sentenced Jackson to 240 months' imprisonment. On appeal, Jackson presses several claims. After thoroughly reviewing the record, we affirm Jackson's conviction and sentence.

Jackson first claims that the district court erroneously allowed the government to strike the only African-American juror in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive and the court's ruling is reviewed for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Generally, a Batson challenge consists of three steps: (1) the defendant makes a prima facie showing; (2) the government offers a race-neutral explanation; and (3) the district court decides whether the defendant has carried his burden of proving purposeful discrimination. United States v. Barnette, 211 F.3d 803, 812 (4th Cir. 2000). "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." Hernandez

v. New York, 500 U.S. 352, 359 (1991) (plurality opinion). "At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Id. at 360.

The government's proffered explanation was that it struck the juror in question because: (1) "she did not answer any questions [during voir dire]"; (2) she told the clerk that she was "single, but yet she [gave] a spouse's occupation"; (3) she was "older"; and (4) she did not appear to be "following what was going on." (J.A. 115). The government's explanation unquestionably satisfies the second step. Indeed, the district court expressed similar reservations concerning the struck juror when it commented that it "wondered, too, a little bit, whether or not she followed the questions or whatnot." (J.A. 117).

Turning to the third step in the inquiry, we review only for clear error the district court's finding that Jackson failed to carry his burden of proving purposeful discrimination. Jones, 57 F.3d at 421. Jackson offered no meaningful evidence in support of his conclusory allegations of racial motivation. Based on our review of the record in this case, the district court did not clearly err in denying Jackson's Batson motion.

Jackson next claims that there is insufficient evidence in the record to support his conspiracy conviction. The jury's verdict in

this case must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved contradictions in testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). "To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001).

After thoroughly reviewing the record, we find the evidence sufficient to support Jackson's conspiracy conviction. Multiple witnesses testified that Jackson participated in a conspiracy to distribute and to possess with the intent to distribute fifty or more grams of crack. One of the witnesses testified concerning Jackson's role in a controlled buy that led to both of their arrests. Moreover, a law enforcement officer testified that he

witnessed the controlled buy and recovered money used in the controlled buy from Jackson after his arrest. The record also contains evidence demonstrating that Jackson disposed of an item upon his arrest that contained a large amount of crack. This item tested positive for crack and weighed over fifty grams.

Finally, relying on Section 4A1.3(b) of the United States Sentencing Guidelines (USSG), Jackson argues that his criminal history, which included a prior drug felony conviction, substantially over-represented the seriousness of his criminal history and, therefore, the district court should have found his criminal history category to be II instead of III. Any error in this regard is harmless because Jackson was sentenced to the statutory minimum sentence of twenty years pursuant to 21 U.S.C. § 841(b)(1)(A). See USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Consequently, Jackson's criminal history category has no bearing on the appropriateness of his sentence.[*]

---

[*]On November 10, 2005, Jackson filed a motion for leave to file a supplemental brief. On November 28, 2005, Jackson filed, pro se, a series of materials which we construe as a motion for leave to file a pro se supplemental brief. The court grants both of these motions. After reviewing the motions, we conclude that all of the arguments raised therein are without merit.

- 5 -

For the reasons stated herein, we affirm Jackson's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED