**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7232**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD DONNELL RUDISILL, a/k/a Ricky,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:01-cr-00048-MR-WCM-7)

Submitted:  January 28, 2021                     Decided:  February 4, 2021

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Richard Donnell Rudisill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Donnell Rudisill appeals from the district court's order denying his motion for a reduction in his sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In 2002, Rudisill was convicted by a jury of conspiracy to possess with intent to distribute cocaine and crack cocaine. The presentence report (PSR) attributed to Rudisill 9.1 kilograms of crack cocaine and recommended a base offense level of 38, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(1) (2001). After adjustments for possession of a dangerous weapon, USSG § 2D1.1(b)(1), and Rudisill's role in the offense, USSG § 3B1.1(b), Rudisill's total offense level of was 42. With a criminal history category of VI, Rudisill's then-mandatory Sentencing Guidelines range was 360 months to life. The district court sentenced Rudisill to 360 months imprisonment.

In June 2020, Rudisill filed a pro se motion seeking relief under the First Step Act. In his motion, Rudisill noted that he had an excellent good conduct record while incarcerated and completed multiple courses in art, music, religion, parenting, vocational skills, drugs, and re-entry courses. He requested a sentence of time served.

A supplemental presentence report was prepared concluding that, applying the revisions provided in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, Rudisill's total offense level was reduced by two levels to 40, but his now-advisory Guidelines range remained 360 months to life. The report also detailed Rudisill's good conduct during his term in prison. Without a hearing or a response from the Government, the district court denied Rudisill's motion, finding that, although Rudisill was convicted of

a covered offense, he was not entitled to relief because his Guidelines range was unchanged. Rudisill appeals.

We review a district court's decision whether or not to grant a reduction under the First Step Act for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020) (reviewing ruling on First Step Act motion for abuse of discretion but declining to decide parameters of such review). We have observed that "there is little case law addressing appropriate procedures for a court to follow when considering sentence modifications under 18 U.S.C. § 3582(c)(1)(B)," *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019), but generally "a sentence modification is not a plenary resentencing proceeding," *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (internal quotation marks omitted) (addressing 18 U.S.C. § 3582(c)(2)); *see Venable*, 943 F.3d at 194 n.11 (characterizing First Step Act reduction as "sentence modification"). When determining whether to modify a sentence, the district court "need only set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza*, 138 S. Ct. at 1964 (internal quotation marks omitted).

Nevertheless, we have recently noted that "'the resentencing court has discretion with the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." *United States v. McDonald*, __F.3d__, 2021 WL 218888 at *5 (4th Cir. Jan. 22, 2021) (quoting *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020). In *Chambers*, we held that, "when imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it must also

3

recalculate the Guidelines range." 956 F.3d at 672 (internal quotation marks omitted). We also held that "the § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674.

Like the appellant in *McDonald*, Rudisill offered evidence—both his own statements and those contained in the supplemental PSR—of his post-sentencing good conduct. "[T]hat kind of post-sentencing mitigation evidence is enough to require a district court to provide an explanation on the record of its reasons for deciding a sentencing reduction motion." *McDonald*, 2021 WL 218888, at *8. Moreover, Rudisill was sentenced at a time when the Guidelines were mandatory, and the district court's order does not indicate that it considered the fact that they are now advisory. *See United States v. Booker*, 543 U.S. 220, 245 (2005).

Here, as in *McDonald*, "it is not at all clear that the district court considered or gave any weight to [McDonald's] post-sentencing conduct." 2021 WL 218888, at *8. Accordingly, we find that the district court's failure to address Rudisill's post-sentencing or otherwise provide an explanation of its reasons for denying his motion was an abuse of its discretion. Therefore, we vacate the judgment and remand for further proceedings consistent with this opinion. However, we express no opinion as to the outcome of the district court's decision upon remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4