**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6390**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KEIZAR MONTRELL RANDALL,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:03-cr-00922-TLW-1)

Submitted: February 16, 2021                     Decided: March 2, 2021

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Keizar Montrell Randall, Appellant Pro Se. Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keizar Montrell Randall appeals from the district court's February 11, 2020 order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. The district court determined that Randall was eligible for relief under the First Step Act but declined to exercise its discretion to reduce Randall's sentence. Because the district court decided Randall's motion without the benefit of our decision in *United States v. McDonald*, __ F.3d __, No. 19-7668, 2021 WL 218888 (4th Cir. Jan. 22, 2021), we vacate and remand.

We review for abuse of discretion the district court's ruling on Randall's First Step Act motion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

On appeal, Randall challenges the sufficiency of the district court's explanation for denying his First Step Act motion. In the analogous context of a sentence reduction motion under 18 U.S.C. § 3582(c)(2), the Supreme Court has explained that a district court need only "set forth enough to satisfy the appellate court that [it] ha[s] considered the parties' arguments and ha[s] a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The Supreme Court also emphasized, however, that the federal courts of appeals have broad discretion "to request a more detailed

2

explanation [from the district court] when necessary." *Id.* at 1967. After *Chavez-Meza*, we issued our decision in *United States v. Martin*, 916 F.3d 389, 396-97 (4th Cir. 2019), and concluded that a district court is obliged to provide an individualized explanation for denying a § 3582(c)(2) motion when the defendant submits evidence of post-sentencing rehabilitation in support thereof.

In our recent *McDonald* decision, we applied *Chavez-Meza* and *Martin* in the context of a sentence reduction motion filed pursuant to § 3582(c)(1)(B), and § 404(b) of the First Step Act. 2021 WL 218888, at *5-8. There, we held that a district court must provide an individualized explanation for denying a sentence reduction motion under the First Step Act when the defendant presents evidence of his post-sentencing rehabilitation. *Id.* at *9. In making that individualized explanation, the district court may "consider the facts of [a defendant's] original transgressions," but the court "must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[]." *Id.* at *8.

Here, the district court declined to reduce Randall's sentence based solely on Randall's criminal history and offense conduct. Contrary to *McDonald*, the district court's order denying Randall's motion does not explicitly assess any of Randall's arguments or evidence in support of a sentence reduction. *Id.* For example, the district court's order does not address Randall's arguments that he was sentenced when the Sentencing Guidelines were mandatory and that—after Randall was sentenced—the United States Sentencing Commission issued an August 2016 report to Congress that disapproves of applying the career offender enhancement, *see* U.S. Sentencing Guidelines Manual § 4B1.1

3

(2018), to nonviolent drug offenders.[*] The district court's order also fails to specifically address Randall's post-sentencing rehabilitation evidence, including evidence that Randall has completed many educational programs while incarcerated.

Consistent with our broad authority to request a more detailed explanation from the district court, *see Chavez-Meza*, 138 S. Ct. at 1967, we vacate the district court's order and remand so that the district court may reassess Randall's First Step Act motion in light of *McDonald*. We deny Randall's motion to appoint counsel, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion as to whether Randall is, in fact, the type of offender that the Sentencing Commission's report addresses.