**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 20-6028**

—————————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

TYRONE HENDERSON,

      Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:04-cr-00320-REP-RCY-4)

—————————

Submitted: February 16, 2021                  Decided: March 19, 2021

—————————

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Robert J. Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Henderson appeals from the district court's order denying his motion for a reduction in his sentence under Section 404 of the First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194. Henderson first asserts that the district court erroneously determined it was inappropriate to depart or vary from Henderson's Sentencing Guidelines range because of the nature of the proceeding. Henderson next asserts that the district court erred by failing to sufficiently explain why his post-sentencing rehabilitation efforts did not offset the nature of Henderson's offense and criminal history. We vacate and remand.

We review a district court's decision whether to grant a sentence reduction under the Act for an abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020) (reviewing ruling on a motion under the Act for abuse of discretion but declining to decide the parameters of such review). And while we have acknowledged that "there is little case law addressing appropriate procedures for a court to follow when considering sentence modifications under 18 U.S.C. § 3582(c)(1)(B)," *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019), it is generally recognized that a sentence modification is "not a plenary resentencing proceeding," *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (internal quotation marks omitted) (addressing 18 U.S.C. § 3582(c)(2)); *see Venable*, 943 F.3d at 194 n.11 (characterizing a sentence reduction under the Act as a "sentence modification[]").

Despite the foregoing, we recently held in *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020), that, "when imposing a new sentence" under the Act, "a court does not simply adjust the statutory minimum" and "must also recalculate the Guidelines range."

2

*Id.* at 672 (internal quotation marks omitted). We also held that "the § 3553(a) sentencing factors apply in the § 404(b) resentencing context." *Id.* at 674.

When explaining its decision whether to modify a sentence, the district court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza*, 138 S. Ct. at 1964 (internal quotation marks omitted). As the Supreme Court has made clear, however, it will not "read the statute (or our precedent) as insisting upon a full opinion in every case." *Id.* (citation omitted). Rather, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances" and "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Id.* (citation omitted).

Indeed, we presume that a district court adequately considered the relevant sentencing factors in a resentencing proceeding under the Act, even though such a presumption will be overcome if the district court fails to acknowledge mitigating factors that were not present at the original sentencing. *United States v. McDonald*, __F.3d__, 2021 WL 218888 at *8 (4th Cir. Jan. 22, 2021). Thus, where a prisoner, despite a lengthy prison term, "utilize[s] the resources and programming they could access in prison to work toward rehabilitation, . . . that . . . is enough to require a district court to provide an explanation on the record of its reasons for deciding a sentencing reduction motion." *Id.*

Addressing Henderson's assignments of error in reverse order, we conclude that, unlike in *McDonald*, the district court sufficiently addressed Henderson's post-sentencing mitigation evidence. As it is apparent that the district court considered Henderson's

3

arguments and mitigation efforts but chose to exercise its decisionmaking authority to deny Henderson's motion, we discern no reversible error stemming from the district court's rationale for denying Henderson's motion. *Accord McDonald*, 2021 WL 218888, at *8 (vacating court's decision denying motion for sentence reduction because "[i]t is not at all clear that the district court considered or gave *any* weight to Appellants' post-sentencing conduct" (emphasis added)).

We nonetheless find merit to Henderson's argument regarding the district court's perceived inability to depart or vary from Henderson's Guidelines range. In opposing Henderson's motion, the Government asserted that Henderson was attempting to reopen his sentencing hearing by arguing for a downward variance from his Guidelines range, which the Government contended is unauthorized by the Act and § 3582. (J.A. 203).[1] And in its opinion denying Henderson's motion—immediately after recognizing that Henderson was asking for "a sentence of time served, arguing that a variance under the sentencing procedures is an appropriate way to achieve that result," (J.A. 210-11)—the district court indicated that it:

> Conclude[d] that modification of sentence under Section 404 (b) of the First Step Act is not a resentencing and that it is not appropriate the modification within the framework of the guidelines (such as departures or variances) because this is not a resentencing but, instead, is a modification or reduction of sentence.

---

[1] Citations to the "J.A." refer to the contents of the joint appendix filed by the parties in this appeal.

4

(J.A. 211). While the import of the district court's holding is somewhat unclear, because the court immediately differentiated between its authority to modify a sentence, versus conducting a full resentencing, after reciting Henderson's argument for a variant sentence, it appears that the court accepted the Government's argument and found itself unable to vary or depart from Henderson's Guidelines range.

As we expressly held in *Chambers*, however, "the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." 956 F.3d at 674. And here, although the district court erroneously believed it could not vary or depart from Henderson's Guidelines range,[2] the court did go on to consider Henderson's arguments and evidence in support of a sentence reduction. As it is not entirely clear from the court's decision whether it deemed the perceived restriction as dispositive of or influential in its decision to deny Henderson's motion, or whether the court would have denied Henderson's motion based on his criminal history and conduct even if it knew it had authority to vary or depart from Henderson's Guidelines range, we remand the matter to the district court for it to consider Henderson's motion in light of this court's decision in *Chambers*.

Accordingly, we vacate the district court's order denying Henderson's motion for a sentence reduction under the Act and remand for further proceedings consistent with this opinion. We express no opinion as to the outcome of the district court's decision on

---

[2] Our decision in *Chambers* issued on April 23, 2020, more than four months after the district court denied Henderson's motion for sentence reduction.

5

remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*