**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7091**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHAFEEQ MUHAMMAD,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:06-cr-00013-MR-WCM-1)

Submitted:  July 16, 2021                        Decided:  August 3, 2021

Before GREGORY, Chief Judge, and AGEE and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Joshua B. Carpenter, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shafeeq Muhammad appeals the district court's order denying his motion for a sentence reduction under § 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. Although the court found Muhammad eligible for relief, the court exercised its discretion and declined to reduce Muhammad's term of imprisonment. Because the district court based its decision on an incorrect Sentencing Guidelines calculation, we find that it plainly erred. Accordingly, we vacate the district court's order and remand for reconsideration in light of *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020), *United States v. Collington*, 995F.3d 347 (4th Cir. 2021), and *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021).

Muhammad pled guilty in 2006 to an indictment charging him with conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. In the plea agreement, Muhammad and the Government stipulated that the amount of crack cocaine that was known to or reasonably foreseeable by Muhammad was "at least 5 grams but less than 20 grams." Because Muhammad qualified as a career offender, his Sentencing Guidelines range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months' imprisonment. He was sentenced to a term of 190 months. This court dismissed Muhammad's appeal based on the appellate waiver in the plea agreement.

Muhammad filed the underlying motion seeking relief under the First Step Act of 2018, and requested a reduced sentence to time-served. The Government agreed that Muhammad is eligible, but argued that the court should exercise its discretion and deny

2

relief. According to the Government, Muhammad's total offense level would have been 29 if the Fair Sentencing Act of 2010 were applied: a base offense level of 32 (based on a stipulated drug quantity of 5 to 20 grams of crack cocaine and career offender status), less three levels for acceptance of responsibility, U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(a). With a criminal history category of VI, Muhammad's advisory Guidelines range would be 151 to 188 months' imprisonment. The district court disagreed with both the Government's and the probation officer's calculations. According to the district court, Muhammad would be held accountable for 40.8 grams attributable to him as relevant conduct, subjecting him to a statutory range of 5 to 40 years' imprisonment. Under the career offender Guidelines, USSG § 4B1.1, Muhammad's offense level would be 34, reduced to 31 for acceptance of responsibility, with a resulting range of 188 to 235 months' imprisonment—the same range he faced at his original sentencing. The district court held that, although Muhammad is eligible for relief under the First Step Act, it exercised its discretion to deny the motion. Muhammad appeals.

"We review the scope of a district court's sentencing authority under the First Step Act de novo[.]" *Chambers*, 956 F.3d at 671. We review the district court's decision whether to grant a First Step Act reduction to an eligible defendant for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020); *see also Collington*, 995 F.3d at 358 (applying reasonableness review to First Step Act sentence reductions).

In *Chambers*, we held that, "when imposing a new sentence" under the Act, "a court does not simply adjust the statutory minimum; it must also recalculate the [Sentencing] Guidelines range." 956 F.3d at 672 (internal quotation marks omitted). "[A]ny Guidelines

error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. Moreover, the Act neither "constrain[s] courts from recognizing Guidelines errors," *id.* at 668, nor "preclude[s] the court from applying intervening case law," *id.* at 672, in making its discretionary determination under the Act.

In *Collington*, we clarified three steps that a district court must take when considering a request for relief under Section 404 of the Act: (1) "accurately recalculate the Guidelines sentence range," (2) "correct original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "consider the § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355 (emphasis omitted). We further explained that "when a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id*. at 358. Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id*. at 360; *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining, in context of original sentencing, that district court imposes procedurally unreasonable sentence by miscalculating applicable Guidelines range).

We provided further guidance to district courts in *Lancaster*. There, we reemphasized that a district "court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law." 997 F.3d at

175 (internal quotation marks omitted). Applying this rule to the facts before us, we concluded that the district court committed reversible error when it declined to recalculate the appellant's Guidelines range without the career offender enhancement imposed at his original sentencing, which had been invalidated by intervening, nonretroactive authority in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). *Lancaster*, 997 F.3d at 176. We cautioned, however, that a First Step Act proceeding is not intended to act as a plenary resentencing or "a complete or new relitigation of Guidelines issues or the § 3553(a) factors," but instead "is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *Id.* at 175.

Although Muhammad does not challenge his career offender enhancement, we find that the district court plainly erred in applying the enhancement in this case. "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015); *see Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018) (holding that, on plain error review, a Guidelines calculation error "will in the ordinary case . . . seriously affect the fairness, integrity, or public reputation of judicial proceedings"). In light of our holding in *Norman*, Muhammad no longer qualifies as a career offender, and therefore, his advisory Guidelines range must be recalculated without this enhancement.

Because the district court did not have the benefit of our decisions in *Chambers*, *Collington*, and *Lancaster*, we vacate the district court's order and remand for

reconsideration. By this disposition, we express no view on the ultimate merits of Muhammad's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*