**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7252

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER FRANK LANDRUM.

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:06-cr-01148-HMH-1)

Submitted: October 20, 2021                     Decided: November 1, 2021

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Christopher Frank Landrum, Appellant Pro Se. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Frank Landrum appeals from the district court's opinion and order after remand granting his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and reducing his sentence of incarceration from 264 months to 240 months. On appeal, Landrum primarily argues that the district court erred by failing to correctly recalculate his advisory Sentencing Guidelines range before imposing the reduced sentence. In particular, Landrum asserts that the district court failed to recognize that he no longer qualifies as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2018), because his offense of conviction—a drug conspiracy offense, in violation of 21 U.S.C. § 846—is not a "controlled substance offense" as defined in USSG § 4B1.2(b). Because we agree with Landrum, we vacate and remand.

Ordinarily, we review for abuse of discretion a district court's resolution of a First Step Act motion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). However, because Landrum did not challenge the career offender designation during the First Step Act proceedings before the district court, we review the issue for plain error only. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). To succeed on plain error review, Landrum must show that: (1) an error occurred; (2) the error is plain; and (3) the error affected his substantial rights. *Id.* Even if Landrum establishes those three prongs of plain error review, we retain discretion to recognize and correct the error. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018).

2

Upon review of the record, we are satisfied that the district court plainly erred by failing to correctly recalculate Landrum's Guidelines range "in light of intervening case law." *United States v. Lancaster*, 997 F.3d 171, 176 (4th Cir. 2021) (internal quotation marks omitted). Had the district court applied relevant intervening precedent to Landrum's case, it would have been obliged to conclude that Landrum no longer qualifies as a career offender after our decision in *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019) (holding that drug conspiracy offense under 21 U.S.C. § 846 is not categorically a "controlled substance offense" for purposes of USSG § 4B1.2(b)). *See Lancaster*, 997 F.3d at 176. We recognize that at the time of the district court's decision, *Lancaster* had not been decided. Our analysis of whether an error is plain, however, looks to the settled law "at the time of appellate consideration," not at the time of the district court's decision. *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (internal quotation marks omitted). Accordingly, the district court's ruling that Landrum remains a career offender under the Guidelines is plainly erroneous.

We are also satisfied that this plain error in the Guidelines calculation affected Landrum's substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345, 1347 (2016). And we will exercise our discretion to recognize and correct the error. *See Rosales-Mireles*, 138 S. Ct. at 1907.

We therefore vacate the district court's opinion and order and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Insofar as Landrum now criticizes the performance of his lawyer below, we leave any decision regarding the appointment of new counsel for Landrum to the district court's sound discretion on remand.