**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 21-6679**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

HERMAN LAMARK HUNTER,

           Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00224-GCM-CH-1)

Submitted: October 21, 2021           Decided: November 12, 2021

Before KING and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Herman Lamark Hunter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Lamark Hunter appeals the district court's order granting his motion for a sentence reduction under § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, and reducing his sentence from 360 months to 300 months. We review the district court's decision to grant or deny a motion under the First Step Act for abuse of discretion. *United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). The court abuses its discretion if it acts arbitrarily or irrationally, fails to consider judicially recognized factors, or relies on erroneous factual or legal premises. *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). We affirm.

Here, the record reflects that the district court considered the 18 U.S.C. § 3553(a) factors and reasonably concluded that Hunter should receive a sentence reduction, but not one as low as Hunter had requested. In particular, the court took note of Hunter's history of disciplinary infractions in light of the need for a sentence to protect the public from any future crimes. *See* 18 U.S.C. § 3553(a)(2)(C) (indicating that, in sentencing, the court should consider the need to protect the public from further crimes by the defendant). Moreover, "a defendant in a sentence reduction proceeding is not entitled to a sentence at a point within the new lower Guidelines range that is proportional to the point previously chosen in the older higher Guidelines range, nor is there any law or any convincing reason for presuming that a purportedly proportional reduction would lead to the right sentence." *Jackson*, 952 F.3d at 502 (internal quotation marks omitted). We therefore conclude that the court acted within its discretion by reducing Hunter's term of imprisonment to 300 months' imprisonment, but denying his request for a 262-month term of imprisonment.

Accordingly, we affirm the district court's order and deny Hunter's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*