**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 21-4616**

―――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL HARRIOT, a/k/a Lanky, a/k/a Donovan Smith, a/k/a Richard Onyett, a/k/a Bernard Barber, a/k/a James D. Smith, a/k/a Michael Smith,

        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:99-cr-00341-MBS-3)

―――――――――――

Submitted: December 20, 2022                Decided: January 13, 2023

―――――――――――

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** G. Wells Dickson, Jr., WELLS DICKSON, PA, Kingstree, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Elliott B. Daniels, Assistant U.S. Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Harriot appeals the district court's order granting his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. While Harriot primarily requested a sentence of time served, his counsel argued in the alternative for a downward variance based on the disparity between the powder and crack cocaine Sentencing Guidelines, and counsel proposed an advisory Guidelines range of 360 months to life imprisonment to account for the disparity. The district court declined to reduce Harriot's sentence to time served, but granted him a variance, adopted counsel's proposed Guidelines range, and reduced Harriot's sentence to 360 months' imprisonment. On appeal, Harriot contends that the district court erred in calculating his Guidelines range.

We review for abuse of discretion a district court's decision of whether to grant a reduction under the First Step Act. *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). However, "the invited error doctrine recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." *United States v. Hasson*, 26 F.4th 610, 621 n.4 (4th Cir.) (cleaned up), *cert. denied*, 143 S. Ct. 310 (2022). Because the district court adopted Harriot's alternative argument and proposed Guidelines range, the invited error doctrine applies and he has thus waived the argument he seeks to advance on appeal. *See United States v. Shea*, 989 F.3d 271, 282 (4th Cir. 2021).

2

Therefore, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*