**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4428**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JENNIFER NEACO LENNON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00369-WO-3)

Submitted  February 12, 2021           Decided:  February 17, 2021

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2009, Jennifer Neaco Lennon pled guilty, pursuant to a plea agreement, to conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. The district court imposed the then-statutory minimum sentence of 120 months' imprisonment followed by a 5-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(A) (2006). Lennon's supervised release term commenced on May 5, 2016. The probation officer filed a revocation petition on December 7, 2017, but Lennon was not arrested until June 18, 2020, over two-and-a-half years since she last submitted to supervision.

At the revocation hearing, the district court first considered whether Lennon was eligible for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which rendered retroactive the reduced statutory penalties under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The court found that Lennon was eligible for relief but reduced her sentence to time served so that she could not bank time against whatever revocation sentence the court decided to impose. To that end, the court revoked Lennon's supervised release and sentenced her to 14 months' imprisonment. On appeal, Lennon argues that this revocation sentence, at the high end of her advisory policy statement range, is unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "[T]his Court must first determine whether the sentence is procedurally or

2

substantively unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id.* at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, No. 20-6513, 2021 WL 161125 (U.S. Jan. 19, 2021); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

Contrary to Lennon's suggestion, our decisions in *United States v. Jackson*, 952 F.3d 492 (4th Cir. 2020), and *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), do not dictate a different result. And, having discerned no reversible procedural errors, *see United States v. Provance*, 944 F.3d 213, 217-18 (4th Cir. 2019), we decline Lennon's invitation to reweigh the § 3553(a) factors, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Because Lennon has not demonstrated that her revocation sentence is unreasonable, let alone plainly so, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*