**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7295**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ANTHONY DARBY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Margaret B. Seymour, District Judge.  (5:07-cr-01253-MBS-1)

Submitted:  March 9, 2021                                      Decided:  March 24, 2021

Before WILKINSON, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael Anthony Darby, Appellant Pro Se.  Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Darby appeals the district court's order granting in part and denying in part his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Darby was convicted of conspiracy to possess with intent to distribute and to distribute 500 grams or more of powder cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and possessing with intent to distribute and distributing 5 grams or more of cocaine base, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced Darby to 292 months' imprisonment, followed by 5 years of supervised release. In 2015, the court granted Darby's 18 U.S.C. § 3582(c)(2) motion based on a retroactive amendment to the Sentencing Guidelines, reducing his sentence to 235 months' imprisonment. In 2019, Darby filed a motion seeking a further sentence reduction under the First Step Act. The district court granted Darby's motion in part and denied it in part, reducing his term of supervised release from five to four years. On appeal, Darby asserts that the court failed to consider his post-sentencing rehabilitation in declining to further reduce his sentence.

We review a district court's decision whether to grant a sentence reduction under the First Step Act for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). We have

observed that "there is little case law addressing appropriate procedures for a court to follow when considering sentence modifications under 18 U.S.C. § 3582(c)(1)(B)," *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019), but generally "a sentence modification is not a plenary resentencing proceeding," *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (internal quotation marks omitted) (addressing 18 U.S.C. § 3582(c)(2)); *see Venable*, 943 F.3d at 194 n.11 (characterizing First Step Act reduction as "sentence modification").

We have recently noted that "'the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct.'" *United States v. McDonald*, 986 F.3d at 409 (4th Cir. 2021) (quoting *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020)).[*] Previously, in *Chambers*, we held that, "when imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." 956 F.3d at 672 (internal quotation marks omitted). In addition to considering a defendant's post-sentencing conduct, we also held that "the [18 U.S.C] § 3553(a) sentencing factors apply" to a district court's determination regarding whether to exercise its discretion to reduce a sentence under § 404(b). *Id.* at 674.

Like the appellants in *McDonald*, we conclude that Darby offered sufficient post-sentencing mitigation evidence "to require [the] district court to provide an

---

[*] The district court did not have the benefit of our decisions in *McDonald* or *Chambers* when it decided Darby's First Step Act motion.

explanation on the record of its reasons for deciding a sentencing reduction motion." 986 F.3d at 412. Here, as in *McDonald*, "it is not at all clear that the district court considered or gave any weight to [Darby's] post-sentencing conduct." *Id.*

Therefore, we vacate the judgment and remand for further proceedings. We express no opinion as to the outcome of the district court's decision upon remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*