**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6303**

BRIAN C. JONES,

   Petitioner - Appellant,

  v.

MARK J. BOLSTER,

   Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:19-cv-00479-LO-MSN)

Submitted: June 10, 2021         Decided: June 22, 2021

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Brian Charles Jones, Appellant Pro Se. Meghan Elizabeth Loftus, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Charles Jones, while a federal prisoner, filed a 28 U.S.C. § 2241 petition requesting expungement of his prison disciplinary conviction, restoration of his good-time credits, and an order directing his immediate release. The district court dismissed the petition, and Jones appealed. During the pendency of this appeal, however, Jones was released from custody, having completed his term of incarceration. We conclude that Jones' appeal has been rendered moot by his release and dismiss his appeal.

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (internal quotation marks omitted). "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Fleet Feet, Inc.*, 986 F.3d at 463 (internal quotation marks omitted).

Initially, we conclude that Jones' request for an order directing his immediate release is moot because he has already been released. His request for the restoration of his good-time credits is also moot because any time he allegedly overserved cannot be applied to shorten his supervised release term. *See United States v. Jackson*, 952 F.3d 492, 498

(4th Cir. 2020). Finally, we conclude that any collateral consequence of the prison disciplinary conviction remaining on Jones' record is too speculative to satisfy the case-or-controversy requirement.

Because Jones' release means that the district court can no longer grant any effective relief, we deny Jones leave to proceed in forma pauperis and dismiss his appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*