**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6019**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND EDWARD CHESTNUT, a/k/a Snoop, Ray,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.
R. Bryan Harwell, Chief District Judge.  (4:05-cr-01044-RBH-1)

Submitted:  August 30, 2021

Decided:  September 8, 2021

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Edward Chestnut appeals the district court's order granting in part and denying in part his amended motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194.  The district court concluded that Chestnut was eligible for First Step Act relief and reduced his supervised release term to 5 years, but declined to reduce his already-completed term of imprisonment.  On appeal, Chestnut argues that the district court erred in failing to reduce his prison sentence to enable him to bank overserved time against any future supervised release revocation sentence and by imposing a five-year term of supervised release instead of imposing a lower term of supervised release or entirely eliminating the supervised release term.  For the reasons that follow, we affirm.

We review for abuse of discretion the district court's decision whether to grant a First Step Act reduction to an eligible defendant.  *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020); *see also United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021) (applying reasonableness review to First Step Act sentence reductions).  When considering a request for relief under Section 404, district courts must (1) "accurately recalculate the [Sentencing] Guidelines sentence range," (2) "correct original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "consider the [18 U.S.C.] § 3553(a) factors to determine what sentence is appropriate." *Collington*, 995 F. 3d at 355 (emphasis omitted).

The term of imprisonment Chestnut actually served exceeded the recalculated Guidelines range.  Chestnut contends that the district court abused its discretion by refusing

2

his request to reduce his prison term, even though he had already completed it, so that he could bank the overserved time against any sentence he might receive for violating the terms of supervised release. Although "a defendant is not entitled to a sentence that would result in banked time," *Jackson*, 952 F.3d at 499, "a defendant . . . may credit banked time . . . against future supervised revocation sentences," *id.* at 500.

In declining to reduce Chestnut's completed prison term to enable him to bank time against a future supervised release revocation sentence, the district court specifically cited two § 3553(a) factors: the need for deterrence, *see* § 3553(a)(2)(B), and the need to protect the public, *see* § 3553(a)(2)(C). "It is reasonable for a district court to think that the prospect of returning to prison under a revocation sentence would provide a measure of deterrence against future crimes of the defendant and thereby provide a measure of protection to the public." *Jackson*, 952 F.3d at 501. We conclude that the district court did not abuse its discretion in declining to reduce Chestnut's prison term in order to enable him to bank time towards a future supervised release revocation sentence.

Chestnut also argues that the district court abused its discretion by reducing his supervised release term to five years rather than reducing it to two years or eliminating it entirely. The court concluded that a five-year term was necessary to help Chestnut transition to community life, taking into account the § 3553(a) factors, and specifically Chestnut's criminal history and disciplinary problems while incarcerated. We discern no

abuse of discretion in the district court's refusal to impose a lesser term of supervised release.*

We have reviewed the record, including the claims raised in Chestnut's pro se supplemental briefs, and found no reversible error. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* While this appeal was pending, the district court revoked Chestnut's five-year term of supervised release and sentenced him to concurrent four-month terms of imprisonment to be followed by concurrent two-year terms of supervised release.