**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4590

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LEVON PLATT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:09-cr-01146-RBH-1)

Submitted:  January 26, 2023                           Decided:  February 2, 2023

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Jeremy A. Thompson, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Levon Platt appeals the district court's order granting his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On appeal, Platt argues that the district court erred when addressing his argument for a further reduction considering time he served on a prior conviction. Finding no reversible error, we affirm the district court's order.

We review for abuse of discretion a district court's decision of whether to grant a reduction under the First Step Act. *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted). "As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and, "other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (cleaned up).

We agree with Platt that the district court should not have relied on 18 U.S.C. § 3583(b) in rejecting his argument. But we also conclude that the two provisions Platt argues that the district court should have applied instead, U.S. Sentencing Guidelines Manual § 5G1.3(b), (d) (2018), are inapplicable. Section 5G1.3(b) only applies if the "term of imprisonment resulted from another offense that is relevant conduct to the instant

2

offense of conviction." Here, the district court held that the prior conviction was not relevant conduct, and Platt does not challenge this finding on appeal. Section 5G1.3(d) provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The district court did that by ordering that its sentence run concurrently with the sentence for Platt's prior conviction. And the commentary further provides that "subsection (d) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." USSG § 5G1.3 cmt. n. 4(E).

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*