**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6330**

---

BRANDON PICKENS,

　　　　　Petitioner - Appellant,

　　　v.

TODD ISHEE, Secretary, North Carolina Department of Adult Correction,

　　　　　Respondent - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:20-cv-00353-MR)

---

Submitted:  July 25, 2024　　　　　　　　　　　　Decided:  July 30, 2024

---

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Brandon Michael Pickens, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While incarcerated by the State of North Carolina, Brandon Pickens filed a 28 U.S.C. § 2254 petition requesting dismissal of his prison disciplinary conviction, which resulted in the loss of 10 days of earned-time credit and 30 hours of extra duty. The district court granted Respondent summary judgment and dismissed the petition, and Pickens appealed. During the pendency of this appeal, Pickens was released from custody, having completed his term of imprisonment. We conclude that Pickens' appeal has been rendered moot by his release and, thus, dismiss this appeal.

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (internal quotation marks omitted). "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Fleet Feet, Inc.*, 986 F.3d at 463 (internal quotation marks omitted).

We conclude that Pickens' request for dismissal of his disciplinary conviction is moot because he has been released from prison. Pickens' related request for restoration of his earned-time credit is also moot because any time Pickens allegedly overserved cannot

2

be applied to shorten his parole term. *See United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020). Finally, we conclude that any collateral consequence of the prison disciplinary conviction remaining on Pickens' record is too speculative to satisfy Article III's case-or-controversy requirement.

Because Pickens' release means that the district court can no longer grant any effective relief, we dismiss this appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*