**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4181**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CHARLES EDWARD SCOTT, a/k/a Whop Whop,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00026-GMG-RWT-1)

_____

Submitted:  February 11, 2026              Decided:  February 27, 2026

_____

Before GREGORY, THACKER, and HEYTENS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Edward Scott pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to distribution of eutylone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court imposed a 156-month sentence—within the binding sentencing range—and three years' supervised release. Scott's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous grounds for appeal but questioning whether Scott's guilty plea is valid and whether the 156-month sentence is procedurally and substantively reasonable. Scott exercised his right to file a pro se supplemental brief, raising additional issues. The Government moves to dismiss Scott's appeal as barred by the appeal waiver in his plea agreement. We affirm in part and dismiss in part.

Although Scott's plea agreement contains an appeal waiver, his allegation that the Government breached the plea agreement survives the waiver. *United States v. Wilson*, 149 F.4th 448, 453 n.1 (4th Cir. 2025). "It is well-established that the interpretation of plea agreements is rooted in contract law, and that each party should receive the benefit of its bargain." *Id.* at 453 (citation modified). "When a promise made by the prosecutor is part of the inducement or consideration for a guilty plea, the prosecutor must fulfill that promise." *Id.* at 454 (citation modified). If the government fails to do so, a breach occurs. *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017). But "the government is held only to those promises that it actually made to the defendant." *Wilson*, 149 F.4th at 454 (citation modified). And "in determining what promises the government made, we read a plea

2

agreement's plain language in its ordinary sense." *Id.* (citation modified). We review Scott's claim of breach of the plea agreement for plain error. *Id.* at 453.

Scott asserts in his pro se brief that the Government breached the plea agreement by failing to fulfill a verbal promise to grant sentencing credit beginning March 15, 2022.[1] Our review of the plea agreement leads us to conclude that the Government did not promise Scott would receive sentencing credit. Scott also contends that the Government failed to recommend that his federal sentence run concurrently with an undischarged state sentence, but the plea agreement did not contain any reference to running the federal and state sentences concurrently. Importantly, Scott stated at the plea hearing that he had not been induced to enter his guilty plea by promises outside those contained in the plea agreement. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). We therefore conclude that the Government did not breach the plea agreement.

Next, Scott's counsel questions the validity of Scott's guilty plea. The appeal waiver in the plea agreement does not preclude our review of the validity of the guilty plea or the waiver of appellate rights in the plea agreement. *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because Scott did not move to withdraw his plea or

---

[1] Scott raises a related argument that the district court failed to consider the sentencing credit provision in the plea agreement and that he did not receive any credit. But "[t]he Attorney General, through the Bureau of Prisons . . . , computes the amount of the credit in a particular case after the defendant begins his sentence." *United States v. Jackson*, 952 F.3d 492, 497-98 (4th Cir. 2020) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)).

3

object to the plea hearing in the district court, our review is for plain error. *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025).

When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the possible consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3). "A properly conducted [Fed. R. Crim. P.] 11 colloquy raises a strong presumption that the plea is final and binding." *Taylor-Sanders*, 88 F.4th at 522 (citation modified).

Here, the magistrate judge[2] fully complied with Rule 11 and conducted a thorough plea colloquy before accepting Scott's guilty plea.[3] The transcript of the Rule 11 hearing establishes that Scott was competent and that his plea was knowing, voluntary, and supported by an independent factual basis. Scott's guilty plea is therefore valid.

Next, we review an appeal waiver de novo to determine its enforceability. *United States v. Smith*, 134 F.4th 248, 255-57 (4th Cir. 2025). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Id.* at 257 (citation modified); *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023) (requiring evaluation

---

[2] Scott consented to proceed before a magistrate judge.

[3] The district court subsequently accepted the plea agreement and the plea.

4

of "the totality of the circumstances"). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid [and enforceable]." *Carter*, 87 F.4th at 224 (citation modified). "When[, as here,] the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *Id.* (citation modified); *see Smith*, 134 F.4th at 257.

Upon review of the record and considering the totality of the circumstances, we conclude that Scott knowingly and voluntarily waived his appellate rights. And Scott's challenge to the reasonableness of his sentence and the district court's sentencing decisions fall squarely within the scope of his valid appeal waiver. *See United States v. Copeland*, 707 F.3d 522, 529 (4th Cir. 2013) (noting that sentencing challenges generally fall within scope of valid appeal waivers).

Although Scott's sentencing claims are barred by the waiver, his pro se contention that the district court erred by denying his motions to withdraw and substitute counsel is not barred. *See United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018); *United States v. Porter*, 405 F.3d 1136, 1141 (10th Cir. 2005). In determining whether the district court abused its discretion in denying a motion to substitute counsel, "we consider (1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in a total lack of communication preventing an adequate defense." *United States v. Lamborn*, 159 F.4th 230, 240 (4th Cir. 2025) (citation modified) (stating standard of review). Provided the

5

district court conducted a thorough inquiry into a defendant's dissatisfaction with counsel, we review the district court's "factual findings on the breakdown of attorney-client communication for clear error." *Id.* at 241; *see id.* at 240.

Scott concedes that the motions to withdraw and substitute counsel were untimely. Regarding the remaining factors, we have reviewed the relevant pleadings and conclude that Scott is not entitled to relief. The district court did not clearly err in its factual determinations, nor did it abuse its discretion in forgoing an evidentiary hearing and denying the motions for withdrawal and substitution of counsel. *See United States v. Smith*, 749 F.3d 465, 493 (6th Cir. 2014).

Finally, Scott's pro se claims of ineffective assistance of counsel fall outside the valid waiver's scope. "But claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance." *United States v. Perry*, 92 F.4th 500, 517 (4th Cir.) (citation modified), *cert. denied*, 144 S. Ct. 2643 (2024); *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (providing standard). Otherwise, an ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc). Applying these standards, our review of the record leads us to conclude that ineffective assistance does not conclusively appear on the face of the present record. Thus, Scott's claims are not cognizable in this direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that are not barred by the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to

6

any issues that fall within the valid waiver's scope. We also deny the motion in part, decline to address Scott's ineffective assistance of counsel claims, and affirm as to any issue not encompassed by the waiver. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*